IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Shelley Wheeler, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 15 C 7426 |
| Credit Control, LLC, a Missouri limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Shelley Wheeler, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Shelley Wheeler ("Wheeler"), is a citizen of the State of Utah, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a Kohl's Department Store ("Kohl's") credit card, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Credit Control, LLC ("Credit Control"), is a Missouri limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Credit Control operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Credit Control was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant Credit Control is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois.

6. Defendant Credit Control is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Wheeler is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Kohl's credit card. When Credit Control began trying to collect this debt from Ms. Wheeler, by sending her a collection letter, dated June 9, 2015, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Credit Control's collection actions. A copy of this letter is attached as Exhibit C.

8. Accordingly, on June 15, 2015, one of Ms. Wheeler's attorneys at LASPD informed Credit Control, in writing, that Ms. Wheeler was represented by counsel, and directed Credit Control to cease contacting her, and to cease all further collection activities because Ms. Wheeler was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and the fax confirmation and are attached as Exhibit D.

9. Nonetheless, Defendant Credit Control sent a collection letter, dated June 23, 2015, directly to Ms. Wheeler, which demanded payment of the Kohl's debt. A copy of this collection letter is attached as Exhibit E.

10. Accordingly, on July 29, 2015, one of Ms. Wheeler's LASPD attorneys had to write to Defendant Credit Control to yet again demand that it cease communications and cease collection of the debt. Copies of this letter and the fax confirmation are attached as Exhibit F.

11. Defendant Credit Control's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Credit Control's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Wheeler's, agent/attorney, LASPD, told Defendant Credit Control to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant Credit Control violated § 1692c(c) of the FDCPA.

16. Defendant Credit Control's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Credit Control knew that Ms. Wheeler was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant Credit Control to cease directly communicating with her. By sending the June 23, 2015 letter (Exhibit E) directly to Ms. Wheeler, despite being advised that she was represented by counsel, Defendant Credit Control violated § 1692c(a)(2) of the FDCPA.

20. Defendant Credit Control's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Shelley Wheeler, prays that this Court:

1. Find that Defendant Credit Control's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Wheeler, and against Defendant Credit Control, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Shelley Wheeler, demands trial by jury.

Shelley Wheeler,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: August 24, 2015

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com